TERRITORY *v.* SAMUEL KAUHANE, A. M. CAB-
RINHA, WILLIAM A. TODD, EUGENE H.
LYMAN, A. A. AKINA, JAMES AKO AND
JULIAN YATES.

No. 1171.

EXCEPTIONS FROM CIRCUIT COURT FOURTH CIRCUIT.
HON. C. K. QUINN, JUDGE.

SUBMITTED JANUARY 28, 1920.            DECIDED MARCH 25, 1920.

CÒKE, C. J., KEMP AND EDINGS, JJ.

INDICTMENT AND INFORMATION—*construction.*

An indictment under section 2214 R. L. 1915 which alleges in
effect that the defendants who constituted the board of super-
visors of a county did incur, authorize, contract and aid in incur-
ring, authorizing and contracting liabilities and obligations for the
purposes of said county in excess of the amount of money avail-
able for the purposes of said county during the fiscal year is an
indictment for having incurred liabilities in excess of the amount
of money available for all county purposes and is not an indict-
ment for having incurred liabilities in excess of the amount avail-
able in any particular account.

SAME—*same.*

An indictment should contain such a specification of the acts
and descriptive circumstances as will on its face fix and determine
the identity of the offense with such particularity as to enable the
accused to know exactly what he has to meet.

OPINION OF THE COURT BY KEMP, J.

The defendants who constitute the board of supervisors
of the County of Hawaii were convicted of having vio-
lated the provisions of section 2214 R. L. 1915, which is
as follows:

"No board of supervisors or other board, committee,
department, bureau, officer or employee of any county
or city and county shall expend, or aid or participate in

expending, during any period of time for any purpose, any sum in the absence of an appropriation for such purpose for such period, or any sum in excess of an appropriation, if any, for such purpose for such period, or incur, authorize or contract, or aid or participate in incurring, authorizing or contracting, during any fiscal year, liabilities or obligations, whether payable during such fiscal year or not, for any or all purposes in excess of the amount of money available for such purposes for such county or city and county during such fiscal year, and any person who shall violate any provision of this section shall be punished," etc.

The indictment, after alleging the election and qualification of the several defendants as members of said board of supervisors and that during the fiscal year 1917 the County of Hawaii lawfully received the sum of $550,-727.36 which constituted the whole amount of money available for the purposes of the said county during the fiscal year aforesaid, further alleges in substance that during said fiscal year the board of supervisors aforesaid did actually incur, authorize, contract and aid and participate in incurring, authorizing and contracting liabilities and obligations for the purposes of said county in the sum of $582,875.48, thereby exceeding the amount of money available for the purposes of said county for the said fiscal year in the sum of $32,148.12.

The first question to be determined involves the construction of the indictment. The prosecution proceeded upon the theory that the indictment charges the defendants with having incurred liabilities payable out of the general account in excess of the amount of money available in that account while the defendants contend that the indictment charges them with having incurred liabilities in excess of the amount of money available for all purposes.

We have no doubt that an indictment charging the supervisors with having incurred liabilities payable out

of any one of the various special accounts required to be kept or payable out of the general account in excess of the amount of money available in that particular account could properly be drawn under the statute above quoted, but we also think that one of the offenses pronounced against in said statute consists of incurring liabilities in excess of the total amount of all the county funds available for all purposes. The indictment in this case makes no mention of the general account or any of the various special accounts. The allegations are in effect that the county received a certain sum of money in 1917 which was the whole amount of money available "for the purposes" of said county during that year and that the defendants during said year incurred liabilities "for the purposes" of said county in excess of the amount of money available "for the purposes" of said county for said year. If it was the intention of the prosecution to charge the defendants with having incurred liabilities payable out of any one of the special accounts or out of the general account in excess of the amount of money available in said account the indictment should have been so drawn as to apprise them of that fact. An indictment should contain such a specification of the acts and descriptive circumstances as will on its face fix and determine the identity of the offense with such particularity as to enable the accused to know exactly what he has to meet. (22 Cyc. 295.) The allegations of the indictment as to the purposes for which the liabilities were incurred being general and not confined to or made to specifically charge the incurring of liabilities payable out of the general account or any one of the special accounts we think that it charged them with having incurred liabilities in excess of the amount available for all county purposes.

The court having taken the view of the prosecution

that the indictment charged the defendants with having incurred liabilities payable out of the general account in excess of the money available in said account made numerous rulings upon the reception of evidence and in giving and refusing instructions to the jury which doubtless would not have been made had it construed the indictment as we have. The error into which the court fell is illustrated by defendants' exceptions Nos. 19 and 23. Exception No. 19 is to the giving of instruction No. 2 requested by the prosecution, which is as follows: "If you believe that the supervisors of the County of Hawaii in the fiscal year of 1917, did incur, authorize or contract, or aided or participated in incurring, authorizing or contracting liabilities or obligations whether payable during such fiscal year or not, for any or all purposes in excess of the amount of money available for such purposes for said county during said year, and if you further believe from the evidence that the defendants were the duly elected, qualified and acting supervisors of the County of Hawaii as alleged in said indictment, it will be your duty to find the defendants guilty as charged, even though you may further believe that the amount of such excessive liabilities or obligations was different from the amount named in the indictment." Exception No. 23 is to the refusal of the court to give instruction No. 8 requested by defendants, which is as follows: "You are further instructed that even if you should find that the defendants took part in incurring, authorizing or contracting liabilities or obligations for any particular purpose in an amount more than was available for such purpose, yet if the prosecution has failed to prove beyond a reasonable doubt that the defendants incurred, authorized or contracted liabilities or obligations for all of the purposes of the county in a larger amount than was available for all purposes, you must find the defendants not guilty."

Had the indictment charged the defendants with incurring liabilities for a particular purpose or payable out of any particular account in excess of the amount of money available for that purpose or payable out of that account instead of charging them with having incurred liabilities in excess of the total amount of money available for all purposes the instruction given would have been substantially correct. But under the indictment as drawn in this case the instruction given was erroneous and the one refused was correct and should have been given.

The record before us indicates that if the defendants are guilty of any offense under the statute quoted it is for having incurred liabilities payable out of the general account in excess of the amount of money available in that account and not the offense charged in the indictment. It is therefore not likely that another trial will be had on this indictment which renders it unnecessary for us to discuss other questions presented by the exceptions.

The exceptions discussed are sustained.

*J. Lightfoot,* Deputy Attorney General, for the Territory.

*J. W. Russell* and *W. H. Smith* for defendants.